```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MFW ASSOCIATES, LLC,

                Plaintiff,

-v-

STEVEN PLAUSTEINER and SUSAN PLAUSTEINER,

                Defendants.

------------------------------------------------------------X

15 Civ. 2513 (PAE)

OPINION AND ORDER

PAUL A. ENGELMAYER, District Judge:

      On March 24, 2016, this Court issued an Opinion and Order denying defendants' motion to dismiss the Complaint. Dkt. 52, *reported at MFW Assocs., LLC v. Plausteiner*, No. 15 Civ. 2513 (PAE), 2016 WL 1246564 (S.D.N.Y. Mar. 24, 2016) ("Opinion").[1] On April 8, 2016, defendants filed a motion for reconsideration, Dkt. 56 ("Motion"), along with accompanying memorandum of law in support, Dkt. 57 ("Reconsideration Br."), with an exhibit attached. On April 22, 2016, plaintiff filed a memorandum of law in opposition. Dkt. 60 ("Reconsideration Opp."). On April 26, 2016, defendants filed a reply, Dkt. 60 ("Reconsideration Reply"), with additional exhibits attached. That same day, defendants moved for a stay of discovery pending this Court's decision on the motion for reconsideration. Dkt. 61. For the following reasons, the motion for reconsideration is denied.

---

[1] All citations to the Opinion are to the page numbers as filed on the docket.

I.  **Legal Standards**[2]

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Local Rule 6.3 (requiring the movant to "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked").[3] Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F.Supp.2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

---

[2] Defendants' opening brief seeks reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Reconsideration Br. 1–2. On reply, defendants additionally argue for reconsideration under Rule 60(d)(3) on the basis of a purported "fraud" on the Court. Reconsideration Reply 1. "Generally, 'new arguments may not be made in a reply brief.'" *DSND Subsea AS v. Oceanografia, S.A. de CV*, 569 F. Supp. 2d 339, 347 (S.D.N.Y. 2008) (quoting *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (per curiam)). The Court declines, in its discretion, to consider this new argument. *See Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Rep. of Venez.*, 341 Fed. App'x 722, 724 (2d Cir. 2009) (summary order).

[3] Under Local Rule 6.3, a motion for reconsideration must be filed within 14 days after entry of the Court's determination of the original motion. Because the Court issued its Opinion on the motion to dismiss on March 24, 2016, defendants' deadline to move for reconsideration was April 7, 2016. Defendants' motion therefore is untimely, by one day. Nevertheless, the Court will consider the merits of the motion.

Litigants are generally barred from introducing new facts in a motion to reconsider. *See Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation omitted). A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *De Los Santos v. Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). The purpose of Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Naiman v. N.Y. Univ. Hosps. Ctr.*, No. 95 Civ. 6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

## II. Discussion

The Court assumes familiarity with the facts and procedural history of this case, as described in the Court's prior Opinion, and describes only those facts necessary for the resolution of this motion.

One of the grounds for defendants' motion to dismiss was that the present action is barred by the doctrine of *res judicata* because the Supplemental Complaint filed in the Vermont Action was dismissed with prejudice pursuant to a Joint Stipulation executed by the parties and so-ordered by the Vermont court. The Supplemental Complaint had sought foreclosure and judicial sale of pledged collateral (membership interests in Snowdance LLC) under the relevant Pledge Agreements, and for deficiency judgment against the "Guarantors," who were defined in the Supplemental Complaint as Snowdance Realty Company, Snowdance Ski Company, Snowdance Hotel Company, Steven Plausteiner and Susan Plausteiner.

3

As the Court explained in denying the motion to dismiss, under Vermont law, a key issue pertaining to the *res judicata* effect of the dismissal with prejudice of the Supplemental Complaint was whether the pledged collateral had been subject to judicial sale such that a claim for a deficiency judgment would have been ripe for adjudication in the Vermont court. In finding the elements of *res judicata* not satisfied, the Court noted that such a judicial sale had not taken place prior to the dismissal of the Supplemental Complaint. *See* Opinion at 21 ("The Supplemental Complaint and Joint Stipulation come close, but ultimately fail to satisfy the requirements of *res judicata*, because there never was a judicial sale of the pledged collateral such that a deficiency claim could have actually been made."); 23 ("And had the sale occurred, MFW's claim for a deficiency judgment, raised in the same lawsuit, would have been ripe for, and capable of, resolution. But, in the end, there was no foreclosure sale of the pledged membership interests. And, with this precondition unmet, under Vermont law, a claim for deficiency judgment was never ripe for resolution."); 24 ("the Vermont Action's docket does not suggest (and the parties do not claim) that such a sale ever took place before the dismissal of the Supplemental Complaint").

It is this language defendants urge the Court to reconsider. Defendants now assert that a judicial sale did, in fact, take place, and attach to their Reconsideration Brief a "Stipulated Order Approving Plaintiff's Sale of Snowdance LLC Membership Interests" dated July 27, 2010 from the Vermont Action. Dkt. 57-1 ("Stipulated Order of Sale"). Defendants had not previously brought this order, or the fact of this sale, to the Court's attention.

The Court holds that reconsideration of the Court's Opinion on this ground is not merited, for three reasons.

First, defendants have not identified facts that the Court previously overlooked. Prior to the Court's resolution of the motion to dismiss, defendants never argued that a judicial sale had taken place, or submitted the Stipulated Order of Sale for the Court's consideration to establish that fact. Yet defendants had been amply on notice, from plaintiff's sur-reply brief and July 23, 2015 letter, that one of plaintiff's arguments against the *res judicata* effect of the Supplemental Complaint's dismissal was that a deficiency action was not ripe for resolution because there had not been a judicial sale of the pledged collateral. After plaintiff's sur-reply was filed, defendants submitted a letter to the Court in response, attaching additional documents from the Vermont Action that they wanted the Court to consider on the motion to dismiss. Defendants had a further opportunity, following argument on the motion to dismiss, to submit additional filings from the Vermont Action—indeed, the Court *invited* such submissions, and defendants submitted nine such filings. Defendants did not then, however, submit the Stipulated Order of Sale that they now wish the Court to consider. It was based on the absence of evidence of a judicial sale from the materials submitted that the Court concluded that no such sale had taken place. Far from the Court's having overlooked record evidence, defendants bear responsibility for not having brought the Stipulated Order of Sale to the Court's attention.

Second, defendants' motion for reconsideration is not based on newly *available* evidence, but instead on long-extant evidence that defendants belatedly would like the Court to consider. The Stipulated Order of Sale was listed on the publicly available docket of the Vermont Action. While it may be true that "Counsel for Defendants was entirely unaware of MFW's transaction and this July 14, 2010 Order until April 4, 2016," it is unpersuasive for defense counsel now to claim that they "could not have discovered it with reasonable diligence." Reconsideration Br. 7.

5

Quite the contrary, a careful inspection of the Vermont Action docket would have resulted in discovering this order.

Third, failure to reconsider the issue would not result in a manifest injustice. The fact that the pledged membership interests were subject to a sale may bolster defendants' *res judicata* argument. But the Stipulated Order of Sale does not, by any means, fully resolve that issue. Rather, as the briefing on the reconsideration motion reflects, the parties dispute the nature, and legal implications, of the sale of the membership interests that took place. *See* Reconsideration Opp. 5–6 (sale was not a "judicial sale" such that deficiency judgment could have been adjudicated); Reconsideration Reply 8–9 (sale constituted "judicial sale" and deficiency could have been sought); Stipulated Order of Sale (approving sale of collateral as commercially reasonable, by reference to the Title of the Vermont code covering secured transactions, 9A V.S.A. §§ 9-610, 9-627).

And the Stipulated Order of Sale does not, on its face, resolve those disputes. In addition to approving as commercially reasonable the sale of the membership interests in Snowdance LLC for $100, the Stipulated Order of Sale states in paragraph 4: "This Order is limited to the disposition of the Collateral only. All other claims asserted in MFW's Motion [for Summary Judgment] remain for decision by the Court, including MFW's right to a deficiency judgment against Pledgor Snowdance Realty Company." Stipulation Order of Sale ¶ 4. Insofar as it references an outstanding claim of a right to a deficiency judgment against Snowdance Realty Company only—while being silent as to the existence or not of such claim or right against the other defendants to the Supplemental Complaint, which included Steven and Susan Plausteiner— the Stipulated Order of Sale raises questions as to the status, following the order, of claims against the Plausteiners. Unavoidably, to resolve that question, a fuller factual record will be

6

needed—the Order itself begs the question. And, as the Court explained in its decision, it cannot resolve MFW's alternative argument against *res judicata*—that the Joint Stipulation dismissing the Supplemental Complaint was voided by subsequent events—on the basis of the publicly available records alone. Opinion at 27.

Thus, this is a case in which a *res judicata* challenge to a Complaint appears incapable of reliable resolution at the motion to dismiss stage, given the unresolved factual issues surrounding the prior Vermont Action. Defendants are at liberty, in discovery, to pursue discovery relevant to their defense of *res judicata*, and, if facts bear out that defense, to pursue that defense anew at summary judgment. *See Sassower v. Abrams*, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993) ("[T]he defense of *res judicata* or collateral estoppel may be brought, under appropriate circumstances, either via a motion to dismiss or a motion for summary judgment.").

Should defendants move for summary judgment based on a defense of *res judicata* following the close of fact discovery, the Court strongly urges both parties, this time: (1) to present, comprehensively, all records they intend to rely on in support of, or in opposition to, the motion, rather than producing exhibits piecemeal over the course of the briefing and argument process; (2) to focus with precision on the particular parties implicated in particular proceedings in the prior action, and, to the extent a party occupied multiple roles (*e.g.*, guarantor, pledgor, or debtor) to specify the role or roles at issue as to particular events or transactions; (3) as to the relevant stipulations (both regarding the pledged collateral and the dismissal of the Supplemental Complaint), to develop with care the record of the events leading up to the stipulations; and (4) to explain with precision, and with apposite legal citations, the precise nature of the juridical acts

at issue in the Vermont Action and the relevance of those acts to defendants' present defense of *res judicata*.[4]

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration is denied. Defendants' motion for a stay of discovery is, therefore, also denied, as moot. The deadline for the completion of all fact discovery, August 3, 2016, as set forth in the case management plan and scheduling order, Dkt. 54, remains in place. The parties should not expect any extensions of this deadline. The Clerk of Court is directed to close the motions pending at dockets 56 and 61.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 27, 2016
       New York, New York

---

[4] The Court also *strongly* admonishes counsel henceforth to refrain from assailing an adversary's professional integrity. *See, e.g.*, Dkts. 28, 60. The Court looks askance at such tactics.